Sylvia **MORENO VDA. ACOSTA,** et al., Plaintiffs,

v.

**HOSPITAL BELLA VISTA,** et al., Defendants.

**Civ. No. 91–2434 (JP).**

United States District Court, D. Puerto Rico.

Nov. 17, 1995.

13(b), Fed.R.Civ.P. Perhaps it might be called a

David Efrón, Río Piedras, P.R., for Plaintiffs.

Carlos Martínez Texidor, Ponce, P.R., Santiago Mari Roca, Mayaguez, P.R., Alfonso Miranda Cárdenas, Old San Juan, P.R., Armando Lasa, San Juan, P.R., for Defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it the motion in limine of co-defendants Dr. Luis Vega, Dr. Santiago Rosa Javier and Hospital Bella Vista (docket No. 177). Co-defendants Vega, Rosa and Hospital Bella Vista request that the Court prohibit plaintiffs' experts from testifying at trial because of plaintiffs' failure to comply with Rule 26(a)(2).

### I. Introduction

This suit was commenced by the widow and children of Mr. Julio Acosta to recover for his wrongful death. Plaintiffs allege that Mr. Acosta died as a result of the medical malpractice of the doctors that treated him at Bella Vista Hospital ("the Hospital"). In a revised Initial Scheduling Conference Memorandum (docket No. 38), plaintiffs announced

"quasi-compulsory" counterclaim.

that they intended to call four expert witnesses at trial: Drs. Haas, Pons, García and Freyre. Drs. Haas and Pons are medical doctors and are expected to testify regarding medical issues. Drs. García and Freyre are a clinical psychologist and an economist, respectively, and are expected to testify on damages. During an Initial Scheduling Conference on August 25, 1992, the Court found plaintiffs were unfamiliar with the facts underlying the case and ordered plaintiffs to file, on or before September 14, 1992, a revised Initial Scheduling Conference memorandum, including, *inter alia*, copies of the reports of each of plaintiffs' expert witnesses. Initial Scheduling Conference Order (docket No. 40) at 3. In a supplementary Initial Scheduling Conference Memorandum dated September 14, 1992 (docket No. 43), plaintiffs stated that they intended to use Drs. Haas, Pons, Freyre, and García as expert witnesses and had delivered copies of their curriculum vitae to all defendants. On the same day, plaintiffs moved for an extension of time to submit the reports of their expert witnesses. *See* Motion for Extension of Time (docket No. 42). The Court granted plaintiffs an extension until October 5, 1992. In a motion dated October 2, 1992 (docket No. 47), plaintiffs submitted copies of the reports of Drs. Haas and Pons. The Court held a further Initial Scheduling Conference on February 23, 1993. During that Conference the Court ordered that the report of an additional expert witness, Dr. Nateman, would be admitted but that plaintiffs could not submit any further expert reports. Further Initial Scheduling Conference Order (docket No. 77) at 3. At that same Conference the Court ordered that the depositions of Drs. Haas, Pons and Nateman be taken on August 11 through 13, 1993; the Court set the depositions of Economist Freyre and Psychologist García for September 15, 1993.

However, the Court stayed the proceedings on March 27, 1993, before these depositions could be taken, because of the insolvency of defendant Corporación Insular de Seguros. *See* Order Staying Proceedings (docket No. 83). The stay was extended until January 21, 1994. *See* Order of August 5, 1993 (docket No. 94). The Court held a Status Conference on March 2, 1994, after lifting of the stay. At that Conference the Court ordered that plaintiffs' expert witnesses be deposed in Miami on March 24, 1994, and gave the defendants until May 1, 1994, to inform the Court of any expert witnesses they intended to use at trial. *See* Status Conference Order (docket No. 104).

Amendments to Federal Rule of Civil Procedure 26 took effect on December 1, 1993, while the stay was still in effect but after the deadline imposed by the Court for plaintiffs to submit the reports of their expert witnesses. These amendments provided for three types of self-executing disclosure: initial disclosure, expert disclosure, and pretrial disclosure. Rule 26(a)(2), as amended, relating to expert testimony, states:

(A) In addition to the disclosure required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the

date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under (e)(1).

## II. Discussion

While they do not specifically address the issue of retroactivity, co-defendants Hospital Bella Vista, Rosa and Vega allege that plaintiffs have failed to comply with Rule 26(a)(2) and cite to it in its current form, thereby implying that the amended Rule applies. Subdivision (c) of Rule 37 was amended at the same time to provide for sanctions for failure to disclose as required by Rule 26. Fed.R.Civ.P. 37(c), as amended, provides that:

a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.

Co-defendants appear to rely on this amendment to Rule 37 in requesting that the Court prohibit plaintiffs' expert witnesses from testifying at trial.

■ Thus, the issue before the Court is whether amended Rule 26(a)(2) applies to this case, which was commenced in 1991. Paragraph two of the Supreme Court's order promulgating the rules, dated April 22, 1993, states:

[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 1993, and shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending.

This order was consistent with 28 U.S.C.A. § 2074 (1994), which states:

The Supreme Court shall transmit to the Congress no later than May 1 of the year in which a rule prescribed under section 2072 is to become effective a copy of the proposed rule. Such rule shall take effect no earlier than December 1 of the year in which such rule is so transmitted unless otherwise provided by law. The Supreme Court may fix the extent such rule shall apply to proceedings than pending, except that the Supreme Court shall not require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies.

The Supreme Court's order promulgating the 1993 amendments indicates that the general presumption is that they will apply to pending civil cases. However, the pronouncements of both Congress and the Supreme Court grant the court in which the proceedings are pending ultimate responsibility for ensuring that their application is just.

In an article published in December 1993, Professor of Law David D. Siegel advised practitioners to obtain advice from judges regarding application of the amended rules to pending cases and warned that failure to do so could have serious consequences. A suggested scenario of how the amended rules might affect a pending case proved particularly prescient:

Suppose, for example, that disclosure has presumably been completed and that the case is at trial when D offers into evidence a relevant document that P did not ask for during the pretrial disclosure stage of the case. P seeks to have the document excluded on the grounds that it falls under the new mandatory disclosure requirement; that D had ample time after December 1, 1993, and before the trial, to furnish the document to P, or at least to advise P about its existence; and that D was obliged to furnish the document, or data about the document, without a request from P.

David D. Siegel, The Recent (Dec. 1 1993) Changes in the Federal Rules of Civil Procedure: Background, the Question of Retroactivity, and a Word About Mandatory Disclosure, 151 F.R.D. 147 (1993). Here, plaintiffs are the ones who have failed to comply with

the mandatory disclosure requirements and defendants now seek to prevent them from introducing the testimony of their expert witnesses.

The Court finds that application of the 1993 amendments to this case is just and practicable and requires the exclusion of the expert testimony of Economist Freyre and Psychologist García. Plaintiffs announced in June of 1992 that they intended to use these two expert witnesses at trial. The Court ordered plaintiffs in August of 1992 to submit the reports of their expert witnesses by September 14, 1992. *See* Initial Scheduling Conference Order (docket No. 40) at 3. The Court indulgently admitted a final expert witness report in February of 1993 but ordered that no additional reports of expert witnesses would be admitted. Further Initial Scheduling Conference Order (docket No. 77) at 3. The reports of Psychologist García and Economist Freyre were not given to defendants until November 2 and November 8, 1995, respectively, long after the October 5, 1992, deadline imposed by the Court and practically on the eve of trial, which is scheduled for November 28, 1995. Plaintiffs have failed to obey the Court's orders in addition to failing to comply with Rule 26(a)(2). Plaintiffs have had since 1992, when they first identified these expert witnesses, to obtain their reports. Yet they have failed to provide them to defendants until over three years later, just a few short weeks before trial. It is unfair to expect defendants to analyze these reports at this late date. Defendants would have to locate rebuttal witnesses to explain the reports and address the conclusions contained therein, then they would have to submit their expert witnesses to depositions, all this while the lawyers are in the midst of preparing for trial. Plaintiffs' extreme delay in providing defendants with the reports of Economist Freyre and Psychologist García may suggest that the delay was motivated by an improper desire to obtain a tactical advantage at trial. To allow the experts as witnesses at this late date is detrimental to defendants' case. Balancing the equities of the parties, fairness dictates that these expert witnesses not be allowed to testify.

Defendants also request that the Court exclude the testimony of Drs. Nateman, Pons and Haas because their reports did not include a list of all publications authored within the preceding ten years, the compensation to be paid for their testimony, nor a listing of other cases in which these witnesses testified as experts within the preceding four years. This information is required by Rule 26(a)(2) as amended in 1993. Since plaintiffs submitted the reports of these expert witnesses prior to the effective date of the 1993 amendments, and since the rules in effect at that time did not require information on publications, compensation and prior testimony, the Court will allow Drs. Pons, Nateman and Haas to testify provided plaintiffs deliver the missing information to all defendants and the Court no later than November 24, 1995. Failure to provide this information as ordered herein may result in an order prohibiting these witnesses from testifying at trial.

## III. Conclusion

The United States Supreme Court has ordered that the 1993 amendments to the Federal Rules of Civil Procedure are to apply to pending cases insofar as just and practicable. Plaintiffs' failure to submit the reports of their expert witnesses on damages, Freyre and García, during four years of litigation is unexcusable. To admit this information on the eve of trial would prejudice defendants' ability to present an adequate rebuttal. Since the reports of Drs. Haas, Pons and Nateman were submitted prior to the 1993 amendments, the Court finds it just to allow these experts to testify provided plaintiffs supplement their prior disclosure with information on publications, compensation and prior testimony as required by Rule 26(a)(2). The Court will not allow the lawyers in this case to dictate the course of this litigation according to their own convenience—they must abide but the procedural rules that govern civil cases. The motion in limine of co-defendants Dr. Luis Vega, Dr. Santiago Rosa Javier and Hospital Bella Vista is hereby **GRANTED** as to the testimony of Economist Freyre and Psychologist García and is **DENIED** for the time being as to Drs. Nate-

man, Pons and Haas, pending submission of the missing information by the plaintiffs.

IT IS SO ORDERED AND ADJUDGED.